**UNITED STATES of America,**
**Appellee,**

**v.**

**Joseph James McGIRR, also known as**
**Joseph Harold McGirr, Appellant.**

**No. 71–1261.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1971.

Decided Nov. 30, 1971.

John Henry Lewin, Jr., Baltimore, Md. (Court-appointed counsel), for appellant.

Paul M. Rosenberg, Asst. U. S. Atty. (George Beall, U. S. Atty., and Jeffrey S. White, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

In this appeal, his conviction for bank robbery is challenged on a claim that he was denied his Sixth Amendment right to a speedy trial. He contends that he was prejudiced by the delay of four and one-half years from September 30, 1966, when the robbery was committed, until February 5, 1971, when the judgment against him was filed.

■ McGirr's complaint about the passage of fifteen and one-half months from the robbery until his indictment is frivolous. The government must be allowed

time to marshal the evidence before seeking an indictment. There was no violation of the statute of limitations.

■ After McGirr had been indicted, he was responsible for much of the delay that ensued because he repeatedly changed counsel, and, each time, the new lawyer sought and obtained a continuance. Further delay ensued when the defendant refused to co-operate when the government sought to have him examined by a psychiatrist. Although the government should have acted more expeditiously at certain stages of the proceedings, it bears small relative responsibility for the enormity of the delay.

McGirr cannot convert delay which was attributable to him and to his attorneys into a deprivation of his right to a speedy trial; that attributable to the government, in the aggregate did not approach such a deprivation.*

Affirmed.

---

* The government argued that since McGirr never moved that the indictment be dismissed, he has waived his right to complain about the asserted denial of a speedy trial. In our disposition of this appeal we have found it unnecessary to reach this contention.